UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
JOHN PACE                     :     Civ. No. 3:17CV00426(DJS)
                              :
v.                            :
                              :
WATERBURY POLICE DEPARTMENT,  :
et al.                        :
                              :     April 12, 2017
------------------------------x

## RECOMMENDED RULING

This matter is before the Court on an initial review of the Complaint [Doc. #1] and Motion for Leave to Proceed in Forma Pauperis [Doc. #2] filed by self-represented plaintiff John Pace ("plaintiff"). For the reasons set forth below, plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**] is **GRANTED.** Upon review, the Court recommends that the Complaint [**Doc. #1**] be **DISMISSED, in part**, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.  Background**

Plaintiff brings this action pursuant to 42 U.S.C. section 1983 against defendants Waterbury Police Department; John Doe Officer 1; John Doe Officer 2; and Sin City Nightclub. See Doc. #1 at 1. The allegations in plaintiff's Complaint stem from an incident on July 6, 2014, at the defendant Sin City Nightclub ("Sin City") in Waterbury, Connecticut. See generally Doc. #1. Plaintiff claims that he was attending a concert at Sin City.

1

See id. at 1. Upon stepping outside to smoke a cigarette, plaintiff was approached by Sin City security guards, who informed plaintiff that he was not permitted to smoke where he was standing. See id. Plaintiff alleges that he was then "[s]uddenly without warning" pushed down the steps by defendants John Doe Officer 1 and John Doe Officer 2 (collectively, "John Doe Officers"). Id. Plaintiff claims that he was subjected to excessive force by the John Doe Officers during the course of his arrest, and that said officers refused plaintiff's request for an ambulance. See id. at 2. Plaintiff alleges that the Sin City security guards witnessed the incident but did not call for medical assistance for plaintiff. See id. Plaintiff was placed in the back of a police wagon and brought to the police station. See id. Once at the station, plaintiff notified the officers of his injuries but was not provided medical assistance. See id. Plaintiff claims that he was bleeding and in pain for two hours. See id. Plaintiff seeks compensatory and punitive damages, and attorney's fees. Simultaneously with his Complaint, plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. [Doc. #2].

**II. Motion for Leave to Proceed in Forma Pauperis [Doc. #2]**

Plaintiff has filed a motion seeking to proceed without payment of fees and costs, along with a financial affidavit. [Doc. #2]. Plaintiff asserts that he is unable to pay fees and

costs, as he has no monthly income. See id. at 3-5. Plaintiff also asserts that he has no assets, cash or securities on hand. See id. at 3-4. At this stage, such allegations are sufficient to establish that the plaintiff "is unable to pay" the ordinary filing fees required by the Court. 28 U.S.C. §1915(a)(1). Accordingly, the plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**] is **GRANTED**.

**III. Initial Review**

    A.    **Standard of Review**

The determination of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. Second, section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(i),(ii). In the interest of efficiency, the Court reviews complaints under this provision shortly after filing to determine whether the plaintiff has stated a cognizable, non-frivolous claim.

The Court construes complaints filed by self-represented plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 520

3

(1972). The Court exercises caution in dismissing a case under section 1915(e) because a claim that the Court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit a self-represented plaintiff who is proceeding in forma pauperis to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

**B.  Discussion**

Plaintiff brings this action pursuant to section 1983, which creates a federal cause of action against any person who, under color of state law, deprives a citizen or a person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or laws of the United States. See 42 U.S.C. §1983. The Court construes plaintiff's complaint as asserting claims of: (1) excessive force in violation of the Fourth Amendment; (2) deliberate indifference to medical needs in violation of plaintiff's Fourteenth Amendment due process rights; (3) intentional infliction of emotional distress, in violation of state law; and (4) negligence, in violation of state law.

### 1. John Doe Officer Defendants

The Court turns first to plaintiff's claims against the John Doe Officers. Plaintiff alleges that, during the course of his arrest, the John Doe Officers knocked him down the stairs, grabbed him by the throat, threw him to the ground, kicked him, kneed him, and slammed his head and chin against the ground repeatedly. See Doc. #1 at 1-2. The Court finds that plaintiff has sufficiently alleged a claim of excessive force in violation of plaintiff's Fourth Amendment rights against the John Doe Officers.

Plaintiff further claims that the officers refused his request for an ambulance at the scene; this request was again refused at the police station. See id. at 2. "[T]he Due Process Clause requires the government to provide medical care to persons injured while being apprehended by police." Zipoli v. Caraballo, 603 F. Supp. 2d 399, 404 (D. Conn. 2009) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). This "constitutional obligation is met by seeing that the arrestee is taken promptly to a hospital that provides the treatment necessary for his injury." Id. at 404 (quotation marks and citation omitted). Thus, it is the due process clause of the Fourteenth Amendment, not the Eighth Amendment, that is implicated by plaintiff's allegations that he was denied medical attention on the date of the alleged incident. See Weyant v.

Okst, 101 F.3d 845, 856 (2d Cir. 1996) ("When [plaintiff] needed medical attention, he was a pretrial detainee, not a person who had been convicted, and hence the Eighth Amendment did not apply." (citations omitted)); see also Demski v. Town of Enfield, No. 3:14CV01568(VAB), 2017 WL 486262, at *9 (D. Conn. Feb. 6, 2017) ("A detainee who has not yet been convicted may bring a Section 1983 claim of deliberate indifference to medical needs under the Fourteenth Amendment, while a convicted prisoner may bring such a claim under the Eighth Amendment."). Accordingly, the Court construes plaintiff's Complaint to allege a claim against the John Doe Officer defendants of deliberate indifference to plaintiff's medical needs, in violation of his Fourteenth Amendment due process rights.

As the Complaint contains no allegation that plaintiff was denied medical attention post-conviction, the Court recommends that plaintiff's claim of cruel and unusual punishment in violation of his Eighth Amendment rights be **DISMISSED, without prejudice**. Plaintiff may proceed against John Doe Officer 1 and John Doe Officer 2 on his claims of Fourth Amendment excessive force, Fourteenth Amendment deliberate indifference to medical needs, and intentional infliction of emotional distress.

However, plaintiff fails to identify the John Doe Officer defendants so that the United States Marshals may properly effectuate service upon them. Accordingly, **on or before May 26,**

**2017,** plaintiff shall file an amended complaint or other notice to the Court which specifically identifies John Doe Officer 1 and John Doe Officer 2 by name. Failure to do so may result in the dismissal of the Complaint with respect to these John Doe Officer defendants.

### 2. **Waterbury Police Department**

Plaintiff also names the Waterbury Police Department as a defendant, and seeks to hold it liable for "the municipal policy, procedure, and custom of use of excessive force and their officers not making reports or obtaining medical attention when force is used." Doc. #1 at 2. Plaintiff further alleges that the Waterbury Police Department "has a custom of turning a blind eye to underage drinking at night clubs in order to sustain overtime shifts and details for its officers at clubs." Id.

The Waterbury Police Department is not amenable to suit under section 1983. "Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983." Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 164 (D. Conn. 2005). As the Waterbury Police Department "is neither a municipality nor a 'person' that can be sued under §1983[,]" Jackson v. Waterbury Police Dep't, No. 3:11CV642(GWC), 2015 WL 5251533, at *3 (D. Conn. Sept. 8, 2015), the Court recommends that plaintiff's claims against this defendant be **DISMISSED,**

**with prejudice.** See also Jones v. Waterbury Police Dep't, No. 3:04CV2137(MRK), 2005 WL 1185723, at *2 (D. Conn. May 12, 2005) (dismissing claims against Waterbury Police Department pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as it is not subject to suit under 42 U.S.C. section 1983).[1]

### 3. Defendant Sin City

Finally, plaintiff alleges that defendant Sin City "exploits minors for financial gain" and that its security officers "failed to call an ambulance for the plaintiff who was brutally beaten in front of them on their property." Doc. #1 at 2. "Private parties are not proper defendants in a Section 1983 action unless the private parties were acting under color of state law." Jae Soog Lee v. Law Office of Kim & Bae, PC, 530 F. App'x 9 (2d Cir. 2013); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999) ("The under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quotation marks and citations omitted)).

There are situations in which a court may treat the actions

---

[1] The Court notes that plaintiff has alleged the existence of a municipal policy relating to plaintiff's alleged constitutional deprivations. See Monell v. Dept. of Soc. Servs. of the City of N.Y., 436 U.S. 658, 694 (1978). However, the City of Waterbury is not a defendant to this action. Plaintiff may file an amended complaint that names the City of Waterbury as a defendant, if plaintiff wishes to pursue a claim of municipal liability.

8

of private individuals as state action for the purposes of section 1983, however, this case does not appear to present such an instance. Plaintiff has made no allegations that defendant Sin City acted in concert with the John Doe Officer defendants, nor does plaintiff allege that Sin City acted under color of state law. See Betts v. Shearman, 751 F.3d 78, 84-85 (2d Cir. 2014). Accordingly, any claims against defendant Sin City pursuant to section 1983 must be dismissed. However, because the Court cannot "rule out any possibility" that an amendment of the claims against private defendant Sin City would be futile, the Court recommends that these claims be **DISMISSED, without prejudice.**

The Court also construes plaintiff's Complaint to allege state law claims of negligence and intentional infliction of emotional distress as to defendant Sin City. As plaintiff has alleged cognizable federal claims against other defendants that "form part of the same case or controversy under Article III of the United States Constitution," the Court will exercise supplemental jurisdiction over these claims. 28 U.S.C. §1367(a).

**IV. Conclusion**

For the reasons set forth herein, the Court **GRANTS** plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**]. The Court recommends that plaintiff's Complaint be **DISMISSED, in part.** Specifically, the Court recommends that: (1)

9

all claims against the Waterbury Police Department be **dismissed with prejudice**; (2) plaintiff's claim of cruel and unusual punishment pursuant to the Eighth Amendment be **dismissed, without prejudice**; and (3) any claims against defendant Sin City Nightclub pursuant to 42 U.S.C. §1983 be **dismissed, without prejudice.**

Plaintiff may proceed on his current Complaint with his claims against John Doe Officer 1 and John Doe Officer 2 of excessive force, deliberate indifference to medical needs, and intentional infliction of emotional distress; and with his claims against Sin City Nightclub of negligence and intentional infliction of emotional distress. As noted above, plaintiff must file an amended complaint or a notice to the Court identifying the John Doe Officer defendants by name **on or before May 26, 2017,** or his Complaint may be dismissed in its entirety. If plaintiff elects to file an amended complaint, the complaint should also remove the claims that have been dismissed with prejudice. If plaintiff wishes to proceed on his municipal liability claim, he must file an amended complaint naming the City of Waterbury as a defendant.

This is a recommended ruling. See Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order.** See Fed. R. Civ. P. 72(b)(2). Failure to object

within fourteen (14) days will preclude appellate review. See 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(d) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; <u>Small v. Secretary of H.H.S.</u>, 892 F.2d 15 (2d Cir. 1989) (per curiam); <u>F.D.I.C. v. Hillcrest Assoc.</u>, 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 12th day of April, 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE